IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS J. FARINA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NOKIA, ET AL. | : | NO.  06-0724 |

**MEMORANDUM**

**Padova, J.** February 13, 2008

      This is a putative class action brought by Plaintiff, on behalf of all others similarly situated, against manufacturers, suppliers, vendors, and lessors of wireless handheld telephones, those who provide wireless services for such devices, and two trade associations who have represented that such devices are safe to use.  Plaintiff alleges (1) that Defendants participated in a civil conspiracy to market wireless handheld telephones while suppressing knowledge of the adverse biological effects and health risks resulting from their use; (2) breach of implied warranties; (3) breach of express warranty; (4) a violation of the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §§ 2301-2312; and (5) a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S.A. §§ 201-1, et seq.  Currently before us is Plaintiff's Motion to Remand this action to Pennsylvania state court.  For the reasons that follow, the Motion is denied.

**I.**       **FACTUAL AND PROCEDURAL HISTORY**

      Plaintiff initially commenced this action on April 19, 2001 in the Court of Common Pleas of Philadelphia County, Pennsylvania.  It was removed to federal court on May 18, 2001, but was subsequently remanded to state court.  See Pinney v. Nokia, Inc., 402 F.3d 430 (4th Cir. 2005). Following remand, Plaintiff filed a Second Amended Complaint in which he added for the first time as a defendant a Korean manufacturer of cell phones, LG Electronics, Inc., and its American

subsidiary, LG Electronics U.S.A., Inc. (jointly "LG").  Plaintiff filed the Second Amended Complaint on December 23, 2005, and served it on December 27, 2005.  During the next 30 days, LG did not seek to remove this case to federal court.

At the same time, according to Plaintiff, counsel for the parties discussed adding, dismissing, and substituting defendants in order to name the correct parties and to reflect the current relationship and affiliations among the various Defendants.  As part of this effort, counsel discussed dropping LG Electronics, Inc. as a defendant, and substituting a different American subsidiary of LG for the one named in the Second Amended Complaint.  Plaintiff claims he opposed amending the complaint again just to substitute a party, but that Defendants insisted that the substitution be made via another amended complaint.  Plaintiff also asserts that Defendants represented that any new amendment would be nothing more than a mere formality and that this amendment was necessary in order to comply with Pennsylvania Rules of Civil Procedure.  Plaintiff ultimately filed a Stipulation and a Third Amended Complaint in which he agreed to dismiss LG Electronics, Inc. and LG Electronics U.S.A., Inc. and substitute in their place LG Electronics Mobilecomm U.S.A., Inc. ("LG Mobilecomm").  The Third Amended Complaint was docketed in state court on February 9, 2006.  On February 17, 2006, LG Mobilecomm removed this action to our court pursuant to the provisions for diversity jurisdiction as amended by the Class Action Fairness Act[1] ("CAFA").

Plaintiff subsequently filed the instant Motion to Remand.  The record in unclear as to exactly when Plaintiff filed his Motion to Remand.  Plaintiff asserts that he filed the motion on April 7, 2006.  According to Defendants, however, the Motion to Remand was not filed until November 10, 2006.  Plaintiff disagrees with Defendants' claim and contends that what he filed in November 2006

---

[1]Pub. L. 109-2, 119 Stat. 4 (2005), codified, <u>inter alia</u>, at 28 U.S.C. §§ 1332(d) and 1453.

was an amended motion for remand.

Due to the existence of multiple cases raising similar claims throughout the country, the Judicial Panel on Multi-District Litigation transferred this case to the United States District Court for the District of Maryland on June 26, 2006. On April, 25, 2007, the Honorable Catherine C. Blake held a hearing on, among other things, the Motion to Remand. Following this hearing, Judge Blake remanded the case to the Eastern District of Pennsylvania, without a decision on Plaintiff's Motion to Remand to state court. On February 4, 2008, we conducted a hearing on the instant motion.

## II.  DISCUSSION

Plaintiff asserts two grounds for remand of this action to state court. First, he claims that Defendants failed to remove this action within 30 days as required by 28 U.S.C. § 1446(b). Second, Plaintiff asserts that CAFA is not applicable to this action because it was commenced prior to CAFA's effective date.[2]

### A.  Failure to Remove within the 30 day period

Pursuant to 28 U.S.C. § 1447, a motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be filed within 30 days after the filing of a notice of removal under § 1446(a). 28 U.S.C. § 1447. Section 1453, titled "Removal of class actions," makes clear that time requirement in § 1447 applies to class actions as well. Id. § 1453(c)(1).

Plaintiff asserts that Defendants failed to remove this action to federal court within the 30

---

[2]Plaintiff also asserted in his motion that Defendants had failed to meet their burden of demonstrating that the CAFA exceptions to jurisdiction, see 28 U.S.C. § 1332(d)(4)(A) and (B), were inapplicable. During the February 4, 2008 hearing, however, Plaintiff withdrew this argument. (Tr. 2/4/08 at 4:1-9).

3

day period prescribed by 28 U.S.C. § 1446(b), which commenced, in his view, on December 27, 2006, when the Second Amended Complaint was served on LG.  Plaintiff further contends that Defendants concocted this scheme regarding the need to substitute one LG subsidiary for another via an amended complaint in order to trick Plaintiff into filing a Third Amended Complaint so that the 30 day removal period would restart.

Defendants removed this action to federal court on February 17, 2006.  Plaintiff, therefore, had only until March 20, 2006 to file a motion to remand that challenged the removal procedure. During the hearing on April 27, 2006, Plaintiff asserted that his claim that Defendants failed to remove this action within the 30-day time period was not a procedural challenge to removal, but rather was a challenge to the federal subject matter jurisdiction over this action.  (Tr. 4/25/07 at 48:11-16).  Thus, Plaintiff argues that he was not required to file his Motion to Remand within 30 days of removal.  We cannot agree.

It is well established that the failure to file a removal petition within the 30-day time limit under § 1446(b) does not affect the court's jurisdiction.  Allbriton Communications Co. v. NLRB, 766 F.2d 812, 820 (3d Cir. 1985); McGlinchey v. Hartford Accident & Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989) (holding that the 30 day time limit of the first paragraph of § 1446(b) is procedural).  A case may not be remanded for failure to comply with the 30-day time limit absent a timely motion.  Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003).  Under the circumstances presented here, even if we accept Plaintiff's contention that he filed his Motion to Remand on April 7, 2006, his motion was not timely.  Consequently, Plaintiff has waived the argument that Defendants did not timely remove this action to our court.  See Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995) (stating that defects in the removal procedure

can be waived).  Furthermore, even if we accept Plaintiff's contention that Defendants duped him into filing a Third Amended Complaint in order to restart the clock on removal, Defendants' alleged trickery simply does not excuse Plaintiff's own delay in filing a motion to remand.  Consequently, this argument has been waived as well.

During the hearing on February 4, 2008, Plaintiff asserted that his delay in filing the Motion to Remand should be excused because we stayed this action.  However, our order staying this action was issued on March 22, 2006, two days after the deadline for Plaintiff to raise a procedural challenge to the removal process.  Therefore, our order staying this action cannot excuse Plaintiff's failure to file a timely motion to remand.

B.  Federal Jurisdiction under CAFA

Plaintiff next argues that removal under the provisions for diversity jurisdiction as amended by CAFA was improper because this action was commended prior to CAFA's enactment.  Plaintiff contends that he commenced this action on April 19, 2001, when he filed this action in state court and that he did not commence a new civil action merely by correcting the identity of LG's American subsidiary when he filed the Third Amended Complaint.  Plaintiff contends that the filing of the Second and Third Amended Complaints should relate back to the filing of the original complaint for purposes of determining when this action was commenced.  Defendants, on the other hand, contend that Plaintiff subjected this action to CAFA when he filed the Second Amended Complaint naming LG Electronics, Inc. and LG Electronics, U.S.A., Inc. as Defendants for the first time, and when he filed the Third Amended Complaint naming LG Mobilecomm as a Defendant for the first time.

CAFA is not retroactive.  It only applies to actions commenced after February 18, 2005. Pub. L. 109-2, § 9; see also 28 U.S.C. § 1332 (Historical and Statutory Notes, Effective and Applicability

Provisions). CAFA, however, does not define when a class action has "commenced." Many courts have held that, for CAFA jurisdictional purposes, a class action commences when it begins in state court. Natale v. Pfizer, Inc., 424 F.3d 43, 44 (1st Cir. 2005); Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir. 2005). Under Pennsylvania Rules of Civil Procedure, "an action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." Pa. R. Civ. P. 1007. The United States Court of Appeals for the Third Circuit has not addressed whether amendments to a pleading, including the addition of a new defendant, affect the commencement date for purposes of determining CAFA's applicability. Some lower courts and other Courts of Appeals have held that when a plaintiff adds a new defendant, a new action is "commenced" with respect to that new defendant. See Robinson v. Holiday Universal, Inc., Civ. A. No. 05-5726, 2006 U.S. Dist. LEXIS 7252 (E.D. Pa. Feb. 27, 2006); Adams v. Fed. Materials Co., Civ. A. No. 05-90, 2005 U.S. Dist. LEXIS 15324, at *13 (W.D. Ky. July 28, 2005) ("Plaintiffs' decision to add . . . a defendant presents precisely the situation in which it can be and should be said that a new action has 'commenced' for purposes of removal pursuant to the CAFA."); Schorsch v. Hewlett Packard Co., 417 F.3d 748, 749 (7th Cir. 2005) ("[A] defendant added after February 18 [,2005] could remove because suit against it would have been commenced after the effective date . . . ."); Braud v. Transport Serv. Co. of Ill., 445 F.3d 801, 804 (5th Cir. 2006) ("[A]mendments that add a defendant 'commence' the civil action as to the added party."). However, the United States Court of Appeals for the Ninth Circuit has held, based on California state law regarding when an action commences, that any amendment to a complaint, including one adding or replacing defendants, does not alter the fact that the commencement date is when the original complaint was filed in state court. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1148 (9th Cir. 2007). Still other

6

courts have applied an analysis based on the rules regarding the relation-back of amendments to pleadings to determine whether an amendment, including an amendment which adds a new defendant, alters the commencement date of an action for purposes of CAFA. Prime Care of Northeast Kansas v. Humana Ins. Co., 447 F.3d 1284, 1286 (10th Cir. 2006) (citing cases).

We reject the Ninth Circuit's approach,[3] but we need not decide between the two remaining approaches because both would lead us to deny Plaintiff's motion. Indeed, under the approach that finds any addition of a new defendant to constitute commencement of a new action under CAFA, the fact that Plaintiff added new Defendants with the filing of the Second and Third Amended Complaints, both of which were filed after CAFA's effective date, would unequivocally subject this action to CAFA's removal provisions. Additionally, under a relation-back analysis, the Third Circuit has stated that, in determining whether the addition of new parties to an action should relate back to an earlier complaint, the court must "inquire whether the defendants (A) received such notice that

---

[3] The decision in McAtee is not binding on this court and it conflicts with holdings from the Fifth, Seventh, and Tenth Circuits. These other circuits rejected, for a number of reasons, the absolutist position that if an action was commenced prior to CAFA's effective date, no post-CAFA amendment of the pleading can bring CAFA into play. See Prime Care, 447 F.3d at 1286; Braud, 445 F.3d at 804; Schorsch, 417 F.3d at 749. First, Braud noted "[t]he case law holds that generally 'a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court.'" Braud, 445 F.3d at 805 (quoting United States v. Martinez, 195 U.S. 469, 473 (1904)). Thus, Braud concluded that when a defendant is added post-CAFA, the action commences as to that defendant. Id. Braud also concluded that CAFA provides no indication that the time when the original suit was filed has any relevance as to when an action commences for an amendment adding a new defendant, and that because the general removal statute grants newly served defendants thirty days to remove, a defendant added after CAFA's effective date should similarly be able to remove. Id. at 806. Finally, Prime Care relied on the presumption that Congress, when it enacted CAFA, was aware of Federal Rule of Civil Procedure 15(c), under which an amendment adding a defendant does not necessarily commence a new action as to that defendant, but instead instructs courts to apply a relation back analysis. Prime Care, 447 F.3d at 1288. We find the reasoning adopted by the Fifth, Seventh, and Tenth Circuits to be more persuasive than that adopted by the Ninth Circuit in McAtee.

7

they will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought with the original claims." Nelson v. County of Allegheny, 60 F.3d 1010, 1014 (3d Cir. 1995) (citing Fed. R. Civ. P. 15(c)(3)).  Here, in order to avoid CAFA, Plaintiff must show that both the Second and Third Amended Complaints relate back to the original complaint, as only the original complaint pre-dated CAFA.  While Plaintiff has made a strong argument that the Third Amended Complaint relates back to the Second Amended Complaint, Plaintiff conceded during the February 4, 2008 hearing that it could not represent that any of the originally named Defendants were related to any of the LG Defendants. (Tr. 2/4/08 at 25:12-18).  Consequently, we cannot find that the LG Defendants knew or should have known of the original complaint filed in state court in order to support a finding that the Second or Third Amended Complaints relate back to the original complaint.  Therefore, applying a relation-back analysis, Plaintiff's argument that CAFA does not apply to this case is meritless.[4]

## III.  CONCLUSION

For the foregoing reasons, we find that Plaintiff's Motion to Remand is untimely and that CAFA applies to this case such that federal jurisdiction is proper.  We therefore deny Plaintiff's Motion.  An appropriate Order follows.

---

[4] Courts applying a relation-back analysis often look to state law as opposed to federal law. See Prime Care, 447 F.3d at 1289 n.6 (noting that the prevailing view is to apply state law, but refusing to express an opinion on this issue as the federal and state law was identical).  In Pennsylvania, the law regarding relation back of amendments has been applied in situations where a plaintiff corrects the name of a defendant under Pa. R. Civ. P. 1033; however, such amendments that add a new and distinct party after the statute of limitations are not permitted. See Tork-Hiis v. Commonwealth, 735 A.2d 1256, 1258 (Pa. 1999), Paulish v. Bakaitis, 275 A.2d 318, 321 (Pa. 1971).  As Plaintiff's Second Amended Complaint added new and distinct parties to this action, it cannot relate back to the original complaint even under Pennsylvania law.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS J. FARINA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NOKIA, ET AL. | : | NO. 06-0724 |

## ORDER

**AND NOW**, this 13th day of February, 2008, upon consideration of Plaintiff's Motion to Remand (Docket No. 74), and all papers filed in connection therewith, and following a hearing held on February 4, 2008, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

s/ John R. Padova, J.
John R. Padova, J.